Certiorari granted by Supreme Court, July 2, 2024
Vacated and remanded by Supreme Court, July 2, 2024

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4308**

───────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CARL RAY MCNEIL, JR.,

    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:02-cr-00098-BO-1)

───────────

Submitted:  September 8, 2023       Decided: September 18, 2023

───────────

Before NIEMEYER and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy P. Brown, Assistant United States Attorneys, Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Ray McNeil, Jr., pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). McNeil appeals the 365-month sentence imposed by the district court, arguing that the court's factfinding in sentencing him as an armed career criminal violated the Fifth and Sixth Amendments. We affirm.

We review de novo the district court's legal determinations regarding the applicability of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *United States v. Thompson*, 421 F.3d 278, 280-81 (4th Cir. 2005). Under the ACCA, a defendant is subject to a mandatory minimum 15-year term of imprisonment if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We recently rejected McNeil's argument that the Fifth and Sixth Amendments require a jury to find that the three ACCA predicates were committed on different occasions, primarily relying on the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Brown*, 67 F.4th 200, 201, 205-15 (4th Cir. 2023). While McNeil argues that *Almendarez-Torrez* should be overruled, we "remain bound by *Almendarez-Torres*." *Id.* at 215.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*